UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jermaine Lacountland Gore, *aka Jermaine L. Gore,* | ) | C/A No. 4:08-1943-RBH-GCK |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Suzanne Gore; and Coletta Denise Graham, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the J. Reuben Long Detention Center in Conway, South Carolina. Both defendants are private citizens and are residents of Conway, South Carolina. Defendant Suzanne Gore is the plaintiff's sister. Defendant Colletta Denis Graham, according to the plaintiff, is his sister's co-conspirator. The plaintiff states that he has brought suit against his sister and his sister's alleged co-conspirator for publishing a book that he wrote and for receiving monies for the book that he wrote.

1

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made

of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

§ 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of*

*Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983);

*Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct

an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his

pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W.

3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 &

n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating

a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine*

*v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the

complaint is subject to summary dismissal. The requirement of liberal construction does not mean

that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*,

3

298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.*

The above-captioned case is not maintainable as a civil rights action because the two defendants have not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because

4

> state action is an essential preliminary condition to § 1983
> jurisdiction, and a failure to find state action disposes of such an
> action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[3]

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well

---

[3]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). *See also Auster Oil & Gas Co., Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf. Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202 (3rd Cir. 2000) (applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action). The alleged stealing of the plaintiff's written work and receipt of monies for it do not constitute action under color of state law.

Breach of Contract, breach of contract accompanied by fraudulent act, and negligence are causes of action under South Carolina law. *See Johnson v. Key Equipment Finance*, 367 S.C. 665, 627 S.E.2d 740 (2006); *McCarter v. Willis*, 299 S.C. 198, 383 S.E.2d 252, 253-54 (S.C.Ct.App. 1989); *Player v. Chandler*, 299 S.C. 101, 382 S.E.2d 891, 893 (1989); *Edens v. Laurel Hill, Inc.*, 271 S.C. 360, 247 S.E.2d 434, 435-36 (1978); *Hughes v. Edwards*, 265 S.C. 529, 220 S.E.2d 231, 234 (1975); and *Stein v. Xepapas*, 204 S.C. 239, 246, 29 S.E.2d 257, 259 (1944). Conversion of personal property is also a cause of action under South Carolina law. *See Oxford Finance Companies, Inc. v. Burgess*, 303 S.C. 534, 539, 402 S.E.2d 480, 482 (1991); and *Mackela v. Bentley*, 365 S.C. 44, 614 S.E.2d 648, 650-51 (S.C.Ct.App. 2005). The tort of "outrage"[4] is actionable under South Carolina law. *See Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004); and *Ford v.*

---

[4]The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress. *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981).

*Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981) (recognizing cause of action, citing "with approval"

four elements for cause of action adopted by the Supreme Court of Maine, and "adopt[ing] the rule

of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of

emotional distress").

A state law cause of action would be cognizable in this federal court under the diversity

statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804

F. Supp. 784, 788-91 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 10 F.3d

806 [Table], 1993 U.S.App. LEXIS® 30080, 1993 WL 478836 (4th Cir., Nov. 22, 1993). The

diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in

controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or value of
> $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be

a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v.*

*Kroger*, 437 U.S. 365, 372-74 (1978). Complete diversity of parties is absent in this case because

the plaintiff and both defendants are citizens of South Carolina. *See* 28 U.S.C. 1332; and

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Hence, this federal court does not have

"diversity" jurisdiction over this case.

The plaintiff still has an available judicial remedy for any state law cause of action. He can

file suit against the defendants in a Court of Common Pleas (such as the Court of Common Pleas for

Horry County), which would have jurisdiction over a cause of action arising under South Carolina law filed against a citizen of South Carolina.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

June **4**, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

8

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).